## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE BOBB, III** | * | **CIVIL NO. 11-1481** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **OFFICE OF COMMUNITY DEVELOPMENT, ET AL** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION
### ON MOTION TO DISMISS

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by defendant, Office of Community Development, Road Home Program ("OCD"), on October 6, 2011. [rec. doc. 12]. Plaintiff, George Bobb, III ("Bobb"), proceeding *pro se*, filed opposition on December 17, 2011. OCD filed a Reply on December 19, 2011. The Court held oral argument on December 21, 2011, after which I took the motion under advisement.

For the following reasons, it is recommended that the motion be **GRANTED**.

### Background

On August 8, 2011, Bobb filed a Complaint in this Court to recover funds from the State of Louisiana's Road Home program for damages to his home resulting from Hurricanes Katrina and Rita. On October 6, 2011, the defendant, the Office of Community Development, Road Home Program, filed a Motion to Dismiss on the grounds that: (1) the Court lacks subject matter jurisdiction over plaintiff's claims; (2) the Court lacks jurisdiction over plaintiff's claims against OCD as an entity of the State because of the State's sovereign immunity; (3) the Complaint must be dismissed for failure to state a claim, and (4) the Complaint must be dismissed for

improper service of process.

## Law and Analysis

### *Standard for Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (*internal quotations omitted*) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added).

### *Sovereign Immunity*

In the aftermath of Hurricanes Katrina and Rita, the State of Louisiana, with funding from the United States Department of Housing and Urban Development, created the Louisiana

Road Home program.  La. R.S. 49: 220.1.[1]  The program was designed to distribute federal grants to assist Louisiana residents to rebuild their homes in the aftermath of the two storms. The program was administered by the State of Louisiana through the Louisiana Recovery Authority.

In his opposition, and at oral argument, Bobb argued that this Court has federal question jurisdiction because the funds for the Louisiana Road Home program came from a federal grant. [rec. doc. 17].

A federal court has original or removal jurisdiction only "if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *Stump v. Potts*, 322 Fed.Appx. 379, *1 (*quoting MSOF Corp. v. Exxon Corp*., 295 F.3d 485, 490 (5th Cir. 2002)).  In a limited exception to that rule, federal question jurisdiction may lie over state law claims that implicate significant federal issues.  *Grable & Sons Metal Products Inc.v. Darue Engineering and Manufacturing*, 545 US 308, 125 S.Ct. 2363  (2005).  Only a "contested" and "substantial" question of federal law is sufficient to grant federal jurisdiction. *Id.* at 2367. *See also American Bank and Trust Co., Inc. v. Roberts,* 2011 WL 3626422 (E.D. La., August 17, 2011) (federal Court does not have jurisdiction over Louisiana Road Home claims).

---

[1] The program was later transferred to the Office of the Governor, and ceased functioning July 1, 2010. Acts 2008, No. 831 amended §§ 5 and 6(B) of Acts 2006, 1st Ex.Sess.

3

Here, Bobbs' Complaint provides no basis for federal jurisdiction because only state law claims are asserted.  The fact that the Road Home program is federally funded does not, in and of itself, give this Court jurisdiction because no contested and substantial question of federal law is implicated.  *American Bank and Trust Co., Inc., supra.*

Additionally, Bobbs' claim is barred by sovereign immunity.  OCD is an Office in the Division of Administration for the State of Louisiana.  [rec. doc. 12, p. 4].  The documents attached to Bobbs' Complaint indicate that he lives in Jeanerette, Louisiana.  [rec. doc. 1, Exhibits].

The Eleventh Amendment of the U.S. Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This language expressly encompasses only suits brought against a State by citizens of another State, but the Supreme Court held long ago held that the Amendment bars suits against a State by citizens of that same State as well.  *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct.  504 (1890) and *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986).  In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  *Lewis v. University of Texas Medical Branch at Galveston*, — F.3d —, 2011 WL 6357798 (5th Cir. 2011) (*citing Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).  This jurisdictional bar applies regardless of the nature of the relief sought.  *Id.*

4

In this case, the State of Louisiana has not consented to be sued, and has not waived its immunity from suit.  In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, the Court finds waiver only where stated "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (*quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).  The mere fact that a State participates in a program through which the federal government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.  *Id.*

The decision by a state to accept federal funds to fund a state program may provide consent by the state to be sued, but only if the federal statute providing the funding clearly and unambiguously provides that the state's conduct will subject it to suits brought n federal court by individuals.  *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 643-44 (5th Cir. 2001).  As Judge Stagg of this Court held in *Bernofsky v. Road Home Corp.*, 741 F.Supp.2d 773 (W.D. La. 2010), the federal statutes at issue do not include a provision even referencing federal court jurisdiction, much less expressly conditioning the receipt of federal funds on the State's waiver of its Eleventh Amendment immunity.

Because OCD, as a State agency, has neither consented to be sued nor waived its immunity form suit, Bobb cannot purse his claims against it in this Court.  Accordingly, I

5

recommend that the Motion to Dismiss be **GRANTED**.[2]

## Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss be **GRANTED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D**

---

[2]Because this Court lacks jurisdiction, it is not necessary to consider OCD's arguments for plaintiff's failure to state a claim or improper service of process.

**1415 (5TH CIR. 1996).**

    Signed March 13, 2012, Lafayette, Louisiana.


                                            C. MICHAEL HILL
                                            UNITED STATES MAGISTRATE JUDGE